UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODOLPH J. LANAGHAN,

    Plaintiff,

v.                                                          Case No. 15-C-929

CO KOCH, et al.,

    Defendants.

**ORDER DENYING PARTIAL JUDGMENT ON THE PLEADINGS**

This case comes before the Court on Defendant Michelle Woomer's motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendant Woomer requests dismissal of Plaintiff's nursing malpractice and personal injury arising out of common law negligence claims against her. For the reasons stated below, Defendant Woomer's motion (ECF No. 33) will be denied.

**BACKGROUND**

In November 2011 Plaintiff Rodolph Lanaghan was an inmate at Oshkosh Correctional Institution (OSCI). Plaintiff's medical treatment began when he was first seen by Nurse Woomer on November 21 or 22, 2011. At the time, Plaintiff complained of a variety of medical issues, but was only treated for his rash. Woomer saw Plaintiff again on December 3, 2011. During the visit Plaintiff pleaded with Woomer for treatment but Woomer did not treat Plaintiff and explained that he would see a doctor soon. In the following months, Plaintiff was in and out of three different hospitals. He was diagnosed with Dermatomyositis with Polymyositis during a stay at Mercy

hospital during December 2011. Plaintiff was returned to OSCI on March 6, 2012. Plaintiff's complaint makes no allegations regarding his medical treatment after March 6, 2012.

Plaintiff filed a prisoner complaint on July 2, 2012, which listed the "Date of Incident or Denial of Request" as "11-20-11 to present (on-going)." Attach. 12, ECF No. 1-2. Plaintiff's complaint was rejected on July 10, 2012. *Id.* at 14. Plaintiff filed a request for review of the rejected complaint on July 17, 2012. *Id.* at 16. This request was denied on August 2, 2012. *Id.* at 18. Plaintiff filed his complaint in the present action on August 3, 2015, alleging a series of negligent medical acts by numerous medical practitioners.

**ANALYSIS**

A motion to dismiss under Rule 12(c) challenges the sufficiency of the pleadings in the complaint. *See* Fed. R. Civ. P. 12(c). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Ind. Gun*, 163 F.3d at 452 (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *Id.* All well-pleaded facts are assumed to be true, and all such facts as well as the reasonable inferences therefrom are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997). However, facts set forth in the complaint that undermine the plaintiff's claim are not ignored. *N. Ind. Gun*, 163 F.3d at 452. A court need not accept as true any legal conclusions or unsupported factual conclusions. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

2

Woomer contends that Plaintiff's nursing malpractice claim against her had to be commenced within the later of three years from his date of injury, or one year from the date his injury was discovered or in the exercise of reasonable diligence should have been discovered. *See* Wis. Stat. §893.55(1m). As described above, the last treatment Plaintiff mentions took place on March 6, 2012, when he was returned from the hospital to OSCI. Plaintiff filed his complaint in this case on August 3, 2015, approximately three years and five months after the last treatment his complaint describes. According to Woomer, this Court should conclude that Plaintiff's nursing malpractice and negligence claims against Woomer are time barred.

Plaintiff responds by arguing that material questions remain as to whether Woomer, along with the other Defendants, engaged in a course of continuing negligent treatment. According to Plaintiff, his negligent medical care was "ongoing" at the time he filed his July 2, 2012 prisoner complaint and constituted a "continuum of negligent treatment." The Wisconsin Supreme Court has explained that under the continuum of negligent treatment theory a cause of action accrues on the date of the last negligent act when the plaintiff shows: 1) there is a continuum of care; 2) there is a continuum of negligent medical care; 3) the medical care related to a single condition; and 4) the precipitating factor in this series or "continuum" was the original misdiagnosis. *Robinson by Robinson v. Mount Sinai Med. Ctr.*, 137 Wis. 2d 1, 28–29, 402 N.W.2d 711, 722 (1987). If Plaintiff is correct, then the statute of limitations would possibly not expire until the last negligent treatment Plaintiff received in his "continuum of care."

Woomer contends that Plaintiff's argument fails because he does not allege any subsequent negligent treatment after March 6, 2012. But a complaint need not address statute of limitations defenses. *Id.* at 17. Plaintiff alleged in his July 2, 2012 prisoner complaint that his negligent

3

treatment was "ongoing." This is sufficient to get by a motion to dismiss. *Robinson*, after all, was decided on a more complete summary judgment record. Here, Plaintiff filed his complaint pro se before counsel was recruited to represent him. Discovery is in the early stages and it would be premature to dismiss Plaintiff's state law claims without giving counsel an opportunity to complete the discovery needed to determine when the alleged negligent line of treatment ended. Since the federal claims will continue in any event, the more prudent course is to deny the motion to dismiss at this time with the understanding that the statute of limitations defense can be raised later on summary judgment.

In conclusion, Defendant Woomer's motion for partial judgment on the pleadings (ECF No. 33) is denied.

Dated this   7th   day of July, 2016.

       s/ William C. Griesbach
       William C. Griesbach, Chief Judge
       United States District Court