UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODOLPH J. LANAGHAN,

    Plaintiff,

v.                                             Case No. 15-C-929

CO KOCH, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Rodolph J. Lanaghan, who is currently serving a state prison sentence, filed a civil rights complaint alleging constitutional violations under 42 U.S.C. § 1983. This case was initially dismissed by the court for Plaintiff's failure to exhaust administrative remedies. Following an appeal of the court's dismissal, the case was remanded for further proceedings. Presently before the court is Plaintiff's motion for leave to file an amended complaint. Plaintiff seeks to name a previously unnamed defendant, Dr. Patrick Murphy, and reformat Plaintiff's original complaint, which was filed *pro se*. Defendants do not oppose Plaintiff's motion. The court will therefore grant the motion to amend and screen the amended complaint in accordance with 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff claims Defendants Darryl Koch, James Chase, Nancy Bowens, and Dr. Patrick Murphy were deliberately indifferent to his serious medical condition, Dermatomyositis, a rare inflammatory muscle disease, while he was incarcerated at Oshkosh Correctional Institution (OCI). The amended complaint alleges that in late November 2011, Plaintiff began experiencing muscle pain in his back and abdomen and noticed swelling, a lump on his neck, and a rash forming on his forehead, back, and abdomen that began to bleed and burn. On November 20, 2011, Plaintiff submitted a request to be seen by the health services unit (HSU) for his symptoms. He presented to an appointment with Nurse Woomer on November 21, 2011. Although Plaintiff attempted to explain all of his symptoms, Nurse Woomer would only see him for his rash.

Between November 22, 2011 and December 6, 2011, Plaintiff's symptoms worsened. His muscles began to weaken and he struggled to get out of bed, walk, and perform activities of daily living. He was required to use a wheelchair. Plaintiff continued to request help and treatment from

2

HSU. Plaintiff alleges Nurse Bowens directed nurses who attended to Plaintiff to treat him for one symptom at a time. Medical staff refused his requests to be taken to the hospital, and some nurses told him that the doctor had something planned for him. Dr. Murphy told Plaintiff that his back pain was caused by exercise, even though Plaintiff told him that he stopped working out due to the pain.

Plaintiff contends OCI guards, specifically Koch and Chase, took no steps to offer him any assistance and scoffed at his complaints. On December 4, 2011, Plaintiff told Koch that he needed help and that he wanted to go to the hospital, but Koch ignored his request. Plaintiff saw Nurse Bowens on December 6, 2011. After reviewing the results of Plaintiff's lab work, Bowens called for an ambulance to take Plaintiff to the hospital. He stayed at Mercy Hospital for six days, was diagnosed with dermatomyositis, and treated for polymyositis.

Plaintiff returned to OCI on December 12, 2011, with a list of medications he needed and specific instructions for his treatment. He presented to an appointment with Dr. Gowing, a rheumatologist, on December 16, 2011. By December 16, 2011, all of Plaintiff's symptoms had returned and he was in extreme pain and discomfort because he had not received all of his medications at OCI. Following this appointment, Plaintiff's symptoms continued to worsen. His entire body was swollen, his eye lids were scabbed and almost swollen shut, and he had cauliflower ears. Plaintiff's rashes continued to bleed and his skin continued to feel like it was burning. He struggled to swallow his own saliva. He was confined to a wheelchair again, could not hold up his head, barely ate, and could not perform activities of daily living without assistance from fellow inmates. Plaintiff made several attempts to verbally alert OCI guards and HSU staff of his condition and need for treatment and hospitalization. The nurses continued to refuse to treat his symptoms. Koch and Chase refused to provide him with any accommodation, let other inmates provide him with

3

assistance, or pay attention to his requests for help or to go to the hospital. Koch and Chase warned inmates that they would go to segregation if they helped Plaintiff.

On December 28, 2011, Plaintiff was found slumped over in a garbage can, barely breathing, and unable to pull himself out. That same day, Dr. Murphy indicated he did not want to send Plaintiff to the hospital and told Plaintiff to "hang in there" for a couple of days until he could see the specialist. Later that evening, Plaintiff was sent to the hospital by ambulance because he could no longer swallow and began to choke. He underwent treatment for approximately six weeks at U.W. Hospital and then Select Specialty Hospital. He did not return to OCI until March 6, 2012.

Plaintiff asserts Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. It is well-established that deliberate indifference to the serious medical needs of a prisoner violates his constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim based on deficient medical care, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Farmer v. Brennan*, 511 U.S. 823, 837 (1994). Based on this standard, Plaintiff has adequately plead facts to state a claim that Defendants Koch, Chase, Bowens, and Murphy were deliberately indifferent to his serious medical needs.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 84) is **GRANTED**. The Clerk is directed to e-file the amended complaint.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the amended complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on Dr. Murphy.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

Dated this   15th   day of November, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court